UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C.E. DUCART, Warden<br><br>　　　　　Respondent. | Case No. 1:15-cv-01052-AWI-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent is represented by David Andrew Eldridge of the Office of the California Attorney General.

The petition raises three claims, which may be summarized essentially as follows: (1) Petitioner's conviction violates the protection against double jeopardy, (2) the prosecution failed to disclose potentially exculpatory evidence to the jury, and (3) the California Department of Corrections and Rehabilitation has failed to properly record his conviction history resulting in unlawful detention. (ECF No. 1 at 4-5.) For the reasons set forth below, the undersigned recommends the petition be denied.

///

**I.      Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to an October 22, 2010 judgment of the Fresno County Superior Court, imposing a determinate thirteen year and eight month sentence for evading and resisting police, cocaine base transport, and unlawful weapons possession. (Lodged Doc. 1 at 204-05.)

Petitioner appealed, raising two issues: insufficiency of the evidence and failure to instruct on an included offense. (Lodged Doc. 5.) The California Court of Appeal for the Fifth Appellate District affirmed. People v. Briggs, No. F061223, 2012 WL 363872, at *1–3 (Cal. Ct. App. Feb. 6, 2012). On April 11, 2012, the California Supreme Court summarily denied review. (Lodged Doc. 8.)

Petitioner filed numerous petitions for writ of habeas corpus in the California state courts.[1] He also filed numerous other appeals, motions, petitions, and civil actions attempting to challenge his conviction and sentence. The Court has received the following state habeas petitions challenging Petitioner's conviction and sentence[2]:

1. Fresno County Superior Court, No. 10CRWR680121
   Filed: October 10, 2010;
   Denied: December 1, 2010;

2. California Court of Appeal, Fifth Appellate District, No F061701
   Filed: January 10, 2011
   Denied: February 8, 2011

3. Fresno County Superior Court, No. 11CRWR680310
   Filed: March 22, 2011
   Denied: June 20, 2011

4. Fresno County Superior Court, No. 11CRWR680703
   Filed: December 15, 2011

---

[1] Counsel expressed some difficulty in obtaining a complete record of Petitioner's state habeas filings. (ECF No. 16.) Additionally, Petitioner appears to have continued filing state petitions well after filing his federal petition. The Court herein addresses only those petitions submitted by Respondent with the answer. A review of the California Supreme Court docket reflects that Petitioner has not filed any further petitions with that court, other than those noted here.

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.

|   |     | Denied: April 10, 2012 |
|---|-----|------------------------|
| 1 |     |                        |
| 2 | 5.  | California Supreme Court, No. S199983 <br> Filed: February 6, 2012 <br> Denied: May 9, 2012 |
| 4 | 6.  | California Court of Appeal, Fifth Appellate District, No. F064609 <br> Filed: April 1, 2012 <br> Denied: April 12, 2012 |
| 6 | 7.  | California Court of Appeal, Fifth Appellate District, No. 064820 <br> Filed: April 17, 2012 <br> Denied: July 10, 2012 |
| 8 | 8.  | Fresno County Superior Court, No. 12CRWR680867 <br> Filed: April 17, 2012 <br> Denied: June 18, 2012 |
| 10 | 9. | California Supreme Court, No. S206512 <br> Filed: November 6, 2012 <br> Denied: January 16, 2013 |
| 12 | 10.| California Court of Appeal, Fifth Appellate District, No. F066089 <br> Filed: November 8, 2012 <br> Denied: November 26, 2012 |
| 14 | 11.| Fresno County Superior Court, No. 12CRWR681210 <br> Filed: November 23, 2012 <br> Denied: February 5, 2013 |
| 16 | 12.| Fresno County Superior Court, No. 13CRWR681291 <br> Filed: February 4, 2013 <br> Denied: March 25, 2013 |
| 18 | 13.| California Supreme Court, No. S209018 <br> Filed: February 25, 2013 <br> Denied: May 1, 2013 |
| 20 | 14.| Fresno County Superior Court, No. 13CRWR681339 <br> Filed: March 14, 2013 <br> Denied: May 13, 2013 |
| 22 | 15.| Fresno County Superior Court, No. 13CRWR681372 <br> Filed: March 21, 2013 <br> Denied: May 13, 2013 |
| 24 | 16.| Fresno County Superior Court, No. 13CRWR681380 <br> Filed: March 26, 2013 <br> Denied: May 17, 2013 |
| 26 | 17.| Fresno County Superior Court, No. 13CRWR681794 <br> Filed: November 4, 2013 <br> Denied: January 2, 2014 |

| | | |
|---|---|---|
| 18. | Fresno County Superior Court, No. 14CRWR681942 | |
| | Filed: January 30, 2014 | |
| | Denied: March 20, 2014 | |
| 19. | Fresno County Superior Court, No. 14CRWR682124 | |
| | Filed: June 19, 2014 | |
| | Denied: July 15, 2014 | |
| 20. | Fresno County Superior Court, No. 14CRWR682461 | |
| | Filed: December 1, 2014 | |
| | Denied: January 6, 2015 | |

(See Postconviction Collateral Documents ("PCD"), Lodged Docs. 9-10.)

Petitioner filed three petitions in the California Supreme Court, all of which appear to have raised issues presented in the instant petition. In the first of these, No. S199983, Petitioner claimed, amongst other things, that exculpatory evidence was withheld from him at trial and his conviction violated double jeopardy. (PCD at 39-45.) On May 9, 2012, the California Supreme Court denied the petition, citing In re Swain, 34 Cal. 2d 300, 304 (1949). (PCD at 38.)

In the second petition, No. S206512, Petitioner alleged double jeopardy violations, withholding of exculpatory evidence, and sentencing errors. (PCD at 79-94.) On January 16, 2013, the Supreme Court summarily rejected these claims, citing to In re Clark, 5 Cal. 4th 750, 767-769 (1993); In re Swain, 34 Cal. 2d 300, 304 (1949); and In re Miller, 17 Cal. 2d 734, 735 (1941). (PCD at 78.)

In the third petition, No. S209018, Petitioner claimed that "Federal Auditers" (sic) investigated his case and determined that he had been resentenced to a term of three years and four months and was eligible for release on December 22, 2012. However, Petitioner was not released on that date and CDCR refused to change his prison records to reflect the accurate release date. Accordingly, Petitioner contends, he was erroneously held in custody when he should have been released on parole. He also claimed that the Fifth District Appellate Court partially reversed his conviction but refused to send an amended remittitur to the prison. (PCD at 274-75.) On May 1, 2013, the

California Supreme Court summarily denied the petition with citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Dexter, 25 Cal. 3d 921, 925-26 (1979).

Petitioner filed the instant petition on July 9, 2015. (ECF No. 1.) Respondent filed an answer on February 24, 2016. (ECF No. 19.) Petitioner filed no traverse and the time for doing so has passed. The matter is submitted and stands ready for adjudication.

## II.  Factual Background

> At 1:30 a.m. on April 6, 2010, Fresno Police Officer Richard Morales was on duty in a marked patrol car in downtown Fresno. Officer Morales stopped for a red light at the intersection of Kern and F Streets, and his patrol car faced north on F Street. As Morales waited at the signal, a vehicle proceeded south through the intersection without stopping for the red light. Morales made a U-turn, activated the overhead lights and siren on the patrol car, and began to follow the vehicle. The vehicle continued southbound on F Street and then turned left onto Inyo Street.
>
> At the intersection of Inyo and F Streets, the vehicle traveled in a circle three times in the intersection. Officer Morales followed the vehicle and saw appellant behind the wheel. Morales said appellant's tires were "breaking traction." After appellant completed the third circle in the intersection, he drove south at a high rate speed on F Street toward Ventura Street.
>
> Appellant turned right onto Ventura and did not stop for a posted stop sign. Morales said there was a great deal of "pedestrian traffic" on Ventura and he turned off the overhead lights of the patrol car for that reason. Appellant proceeded west on Ventura and did not stop for red lights at the intersections of Ventura and C and B streets. Appellant eventually turned left and drove south on Elm Avenue. Morales lost sight of appellant's car as it went through a curve on Elm Avenue but then saw the vehicle again at the intersection of Elm and Church Avenues. Morales lost sight of appellant's car a second time when it made a westbound turn onto Jensen Avenue. Morales was able to see appellant's car again on Bardell Avenue. Morales said the car was in a cul-de-sac about one-quarter mile from where he had last seen it.
>
> Fresno Police Officer Brandon Brown was on patrol duty at 1:30 a.m. on April 6, 2010, and heard Officer Morales on the police radio. According to Brown, Morales said he was

attempting to stop a vehicle. Officer Brown and his partner, Officer Nancy Vue, drove south on C Street, turned onto Ventura, proceeded west to Martin Luther King, Jr. Boulevard, and then went south. As Officers Brown and Vue approached the intersection of Martin Luther King, Jr. Boulevard and East Church Avenue, they heard Officer Morales say he had last seen the vehicle going west on Jensen Avenue near Elm Avenue. Brown and Vue traveled south on Martin Luther King, Jr. Boulevard to the intersection of Jensen Avenue. Brown saw a car turn onto the street from East Kaviland Avenue and followed the vehicle.

Brown accelerated the patrol car to catch up to the vehicle. The car failed to stop for a red light at the intersection of Martin Luther King, Jr. Boulevard and Jensen Avenue. The officers continued their pursuit onto East Vine Avenue. When the car turned onto South Bardell Avenue, Officer Brown activated the overhead lights of the patrol car. The car turned into a cul-de-sac, and Officer Brown drove his patrol vehicle near the car. Officer David Wilkin pulled up in his patrol car and also stopped. Brown got out of his patrol car, pulled his service weapon, and ordered the driver to stop his car. Officer Wilkin also got out of his patrol car, pointed his weapon, and ordered the driver to stop the vehicle and to show his hands.

Officer Morales heard a fellow officer say that there was a gun in the car. Morales and Officer Wilkin pulled appellant out of his vehicle. As appellant was removed from his car, Brown looked through the windshield and saw a rifle in the front passenger seat. Brown told Officer Wilkin about the rifle and then Brown heard appellant say he was "strapped." Wilkin picked up a loaded handgun from appellant's lap and placed it on the roof of his car. Officers then escorted appellant to the rear seat of one of the patrol cars.

Officer Brown described the rifle as "an AK–47 type rifle" with a wooden stock, a 30–round magazine, and "a pistol grip just below the action of the weapon." Brown said the handgun was a revolver, and a search of the interior of the car yielded several .38–caliber bullets. Officer Wilkin searched appellant incident to his arrest and found a plastic bag in appellant's left front jacket pocket. The bag contained an off-white rock-like substance. Wilkin also found a similar bag containing the same type of substance in appellant's right front jacket pocket.

> According to Officer Wilkin, appellant became agitated after he was handcuffed. Appellant told Officer Wilkin he was going to be out of jail within four hours, was going to find out where Wilkin lived, and was going to visit his home. Wilkin said appellant's threat was cause for concern. At 1:40 a.m., Officer Marcus Gray went to the scene and took appellant into custody. Officer Gray drove appellant in his patrol car to University Medical Center to have a blood sample taken. Gray said appellant was extremely quiet en route to the hospital. Upon arrival, Gray said appellant "began rapping, making different threats through his lyrics in the raps." Appellant eventually threatened to beat Officer Gray and other police personnel at the medical center.
>
> After medical personnel completed the blood test, Officer Gray took appellant to be booked at Fresno County Jail. On the way to the jail, appellant told Officer Gray that he should not make any statements or write any reports. According to Gray, appellant said, "'The [police] department was using me [Gray] as [a] pawn just because I was black.'" Although both appellant and Gray are African–American, appellant threatened to kill Gray because "'that uniform's all the same.'" "'It's not disrespect, it's nothing personal, strictly business.'" Appellant also told Gray not to enter the jail with him because if Gray did so, "I wrote myself a death certificate." Gray said appellant was booked in the jail without incident.
>
> The parties stipulated that the off-white substance in the plastic bag taken from appellant's front jacket pocket consisted of 13.99 grams of cocaine base, a usable amount. The parties further stipulated that appellant had a blood-alcohol content of 0.07 at the time his blood was drawn at the hospital, but hospital personnel did not detect any cocaine, opiates, PCP, or methamphetamines in the blood.
>
> ***Defense Evidence***
>
> Appellant did not present any documentary or testimonial evidence but chose to rely on the state of the prosecution evidence.

People v. Briggs, No. F061223, 2012 WL 363872, at *1–3 (Cal. Ct. App. Feb. 6, 2012)

///

///

7

## III. Jurisdiction and Venue

Relief by way of a writ of habeas corpus extends to a prisoner under a judgment of a state court if the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered a violation of his rights as guaranteed by the U.S. Constitution. Petitioner was convicted and sentenced in this district. 28 U.S.C. § 2241(d); 2254(a). The Court concludes that it has jurisdiction over the action and that venue is proper.

## IV. Review of Petition

### A. Claim One: Double Jeopardy

Petitioner claims that his conviction was obtained in violation of the double jeopardy clause of the Fifth Amendment. Petitioner's entire description of this claim is as follows:

> Convictions reinstated by appeal by prosecution after two dismissal and discharge from custody without new evidence or amended charges to felony complaint Petitioner released twice from post conviction relief remanded back to custody with out hearing.

(ECF No. 1 at 4.)

Based on Petitioner's state court petitions (see PCD at 41, 91, 93), it appears that this claim is based on the alleged dismissal of some or all of the charges against Petitioner prior to trial, and the subsequent reinstatement of those charges without the presentation of new or additional evidence. As stated, the California Supreme Court summarily denied the state court petitions with citation to In re Clark, 5 Cal. 4th 750, 767-769 (1993); In re Swain, 34 Cal. 2d 300, 304 (1949); and In re Miller, 17 Cal. 2d 734, 735 (1941). (PCD at 78.) The cited pages of In re Clark stand for the proposition that state habeas review is barred for "repeated applications" that have been "previously rejected" as well as review of "newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." 5 Cal. 4th at 767-

68. The cited pages of In re Swain stand for the proposition that a California habeas petition must state "with particularity" the facts upon which relief is sought, and vague and conclusory allegations will not suffice. 34 Cal. 2d at 304. The cited pages of In re Miller stand for the proposition that the claim was presented in a prior petition and is being denied in the second petition on the same grounds as it was denied on in the first one.³ See Kim v. Villalobos, 799 F.2d 1317, 1319 n.1 (1986).

These citations, taken together, leave unclear the basis for the California Supreme Court's denial of Petitioner's double jeopardy claim. It may be that the Court determined that the claim was merely unexhausted, see Kim, 799 F.2d at 1319 (holding that citation to In re Swain indicates that claims are unexhausted), or that it was procedurally barred, see Briggs v. State, No. 15-CV-05809-EMC, 2017 WL 1806495, at *6 (N.D. Cal. May 5, 2017) (collecting cases and concluded that a citation to In re Clark is a state procedural bar that is adequate and independent of federal law and that the relevant claim is therefore procedurally defaulted).

Regardless of these deficiencies, the claim is not colorable. Even assuming this claim has not been properly pursued in state court, it may be denied. 28 U.S.C. § 2254(b)(2) "In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn." Serfass v. United States, 420 U.S. 377, 388 (1975) (citations omitted). The United States Supreme Court has "consistently adhered" to the view that jeopardy does not attach, and the Fifth Amendment's prohibition against double jeopardy has no application "until a defendant is put to trial before the trier of facts, whether the trier be a jury or a judge." Id. (citation and quotation marks omitted).

Here, it appears Petitioner's claim rests on the dismissal and re-filing of charges against him prior to trial. Because jeopardy had not attached at the time the charges allegedly were dismissed, he cannot state a double jeopardy claim. This claim is not colorable and should be denied.

---

³ Here, the prior petition was summarily denied with citation to In re Swain.

9

## B. Claim Two: Failure to Disclose Evidence

Petitioner appears to contend that the prosecution withheld favorable evidence from the jury. Petitioner describes this claim as follows:

> prosecution failed to disclose vital information to jury of evidence seized without consent or valid search warrant and withheld or consealed [sic] law enforcement officers misconduct of contaminated tampered evidence reports by Internal Affairs witch [sic] would have been favorable to petitioner.

(ECF No. 1 at 4.)

As with his double jeopardy claim, Petitioner raised this claim in his petitions to the California Supreme Court and the court summarily denied the petitions with citation to In re Clark, 5 Cal. 4th 750, 767-769 (1993); In re Swain, 34 Cal. 2d 300, 304 (1949); and In re Miller, 17 Cal. 2d 734, 735 (1941). (PCD at 78.) Nonetheless, even assuming this claim has not been properly pursued in state court, it may be denied. 28 U.S.C. § 2254(b)(2)

Due process requires that the prosecution disclose to the defense exculpatory evidence within its possession. Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); Towery v. Schriro, 641 F.3d 300, 309 (9th Cir. 2010). There are three components of a Brady violation: "[1] [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." Banks v. Dretke, 540 U.S. 668, 691, 124 S. Ct. 1256, 157 L. Ed. 2d 1166 (2004). Evidence is "favorable to the accused" for Brady purposes if it is either exculpatory or impeaching. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). If information would be "advantageous" to the defendant, Banks v. Dretke, 540 U.S. 668, 691, or "would tend to call the government's case into doubt," Milke v. Ryan, 711 F.3d 998, 1012 (9th Cir. 2013), it is favorable. Comstock v. Humphries, 786 F.3d 701, 708 (9th Cir. 2015).

Brady, however, only requires that the prosecution disclose exculpatory evidence to the defense. It does not require the prosecution to present favorable evidence to the jury. Petitioner's claim appears to be based solely on the prosecution's failure to present evidence to the jury. Indeed, in his state court petition, he specifies that issues of evidence tampering were addressed prior to trial. (PCD at 41.) Thus, his contentions appear to be based entirely on the proposition that the prosecution did not present such evidence to the jury. This claim is not colorable and should be denied.

### C. Claim Three: Conviction History

Petitioner third claim is difficult to discern. It reads as follows:

> Conviction obtained by exsculpatory [sic] classification of entry of judgment dismissal & reversal. Recorded sentence legal status is purposely not being amended by necessary delay in certification of abstract transcripts sentence reduction entry of dismissal and reversal of convictions history by CDCR records analyst causing illegal detention.

(ECF No. 1 at 5.)

In the California Supreme Court, Petitioner contended that his conviction was partially vacated by the Fifth District Appellate Court and that he was resentenced to a term of three years and four months, but that CDCR refuses to update his conviction history to reflect these changes. (See PCD 274-75). The California Supreme Court denied these claims with citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Dexter, 25 Cal. 3d 921, 925-26 (1979).

Under California law, a denial of a habeas petition with a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal. 4th at 474. Citation to Duvall is an indication that the petition was insufficiently pleaded. The claims contained therein are considered unexhausted. The citation to In re Dexter indicates the

California Supreme Court determined that Petitioner failed to exhaust administrative remedies. Thus, this claim is not exhausted.

Nevertheless, this claim may be denied because it is plainly meritless. See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005); 28 U.S.C. § 2254(b)(2). None of the decisions of the Fifth District Court of Appeal vacated Petitioner's convictions. Petitioner has no hope of prevailing on this claim.

**V.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 1, 2017__        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

12